**Electronically Filed
Intermediate Court of Appeals
30403
30-JUN-2011
08:07 AM**

NO. 30403

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
NERISHA TAFUNA, Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
KANE'OHE DIVISION
(CASE NO. 1DTA-10-00755)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., and Leonard and Reifurth, JJ.)

Defendant-Appellant Nerisha Tafuna (Tafuna) appeals
from the Judgment filed on February 24, 2010, in the District
Court of the First Circuit (District Court).[1]  Tafuna was
charged by complaint with operating a vehicle under the influence
of an intoxicant (OVUII), in violation of Hawaii Revised Statutes
(HRS) § 291E-61(a)(1) (Supp. 2009), as a first-time offender
under HRS § 291E-61(b)(1) (Supp. 2009).  After a bench trial, the
District Court found Tafuna guilty as charged and imposed
sentence.  Tafuna did not challenge the sufficiency of the
complaint in the District Court.

On appeal, Tafuna argues that (1) "[t]he District Court
erred in failing to sua sponte dismiss the charge for failure to

_____

[1] The Honorable Fa'auuga L. To'oto'o presided.

include the mens rea element"; and (2) "[HRS] § 806-28 (1993) [2/] violates due process under Art. I, § 5, of the [Hawai'i] [C]onstitution."3/  We affirm the District Court's Judgment.

I.

We resolve Tafuna's arguments as follows:

A.

Tafuna's complaint was sufficient.  Because Tafuna challenges the sufficiency of the complaint for the first time on appeal, we apply the liberal construction rule:

> Under the Motta/Wells post-conviction liberal construction rule, we liberally construe charges challenged for the first time on appeal.  Under this approach, there is a presumption of validity for charges challenged subsequent to a conviction.  In those circumstances, this court will not reverse a conviction based upon a defective indictment or complaint unless the defendant can show prejudice or that the indictment or complaint cannot within reason be construed to charge a crime.

State v. Wheeler, 121 Hawai'i 383, 399-400, 219 P.3d 1170, 1186-87 (2009)  (internal quotation marks, citations, and brackets omitted).

We conclude that even if Tafuna had objected to the sufficiency of the complaint in the District Court and the liberal construction rule did not apply, the complaint was not required to allege a mens rea in order to be sufficient.  State v. Nesmith, No. CAAP-10-0000072 (Hawai'i App. June 22, 2011) (holding that a complaint which did not allege a mens rea was sufficient to charge the defendant with OVUII in violation of HRS § 291E-61(a)(1) and/or (a)(3), as a first-time offender under HRS

---

2/ HRS § 806-28 provides in relevant part:

**Characterization of the act.**  The indictment need not allege that the offense was committed or the act done "feloniously", "unlawfully", "wilfully", "knowingly", "maliciously", "with force and arms", or otherwise except where such characterization is used in the statutory definition of the offense.

3/ Article I, Section 5 of the Hawai'i Constitution provides in relevant part:

Section 5.  No person shall be deprived of life, liberty or property without due process of law[.]

§ 291E-61(b)(1)). Accordingly, it necessarily follows that Tafuna's challenge to the sufficiency of the complaint must fail under the liberal construction rule.

B.

We reject Tafuna's due process challenge to the constitutionality of HRS § 806-28. The Hawai'i Supreme Court has "consistently held . . . that every enactment of the legislature is presumptively constitutional, and a party challenging the statute has the burden of showing unconstitutionality beyond a reasonable doubt. Schwab v. Ariyoshi, 58 Haw. 25, 31, 564 P.2d 135, 139 (1977).

Tafuna argues that if the elements of the offense must be alleged for a charge to be sufficient, then so must the mens rea. Tafuna, however, acknowledges that prior Hawai'i case law is to the contrary, citing cases, including State v. Torres, 66 Haw. 281, 288-89, 660 P.2d 522, 527 (1983), and State v. Kane, 3 Haw. App. 450, 652 P.2d 642 (1982).

In Torres, the Hawai'i Supreme Court considered the sufficiency of an incest charge against Torres which alleged that he "did commit an act of sexual intercourse" with his daughter. Torres, 66 Haw. at 283 n.1, 660 P.2d at 524 n.1. The statute defining the incest offense did not specify a mental state and the charge did not allege a mens rea. Id. at 283-85, 660 P.2d at 524-25. The court acknowledged the prosecution's argument that the charge was not deficient because HRS § 806-28 "expressly provides that an indictment need not allege the crime was committed intentionally, knowingly, or recklessly, 'except where such characterization is used in the statutory definition of the offense.'" Id. at 285, 660 P.2d at 625 (quoting HRS § 806-28). Torres, however, argued that the charge was deficient on constitutional due process grounds for failing to allege a culpable state of mind. Id. at 286, 660 P.2d at 525.

The court rejected Torres's due process claim and concluded that the incest charge was sufficient, reasoning as follows:

> Our conclusion that the crime was unmistakably defined despite the lack of an explicit averment of the mental state accompanying the prohibited act rests on the nature of the offense charged and the earlier conclusion that it is not a crime that can be accidentally or innocently committed. In some situations knowledge or intent need not be alleged in terms, and a pleading is good if it fairly imports knowledge or intent. Incest as charged here is an offense where intent can be inferred because "sexual intercourse" under the circumstances alleged could only be a wilful act.

Id. at 289, 660 P.2d at 527 (internal quotation marks and citation omitted).[4/]

In Kane, this court considered whether an indictment, which, as authorized by HRS § 806-28, did not allege a mens rea, violated Kane's constitutional rights. Kane, 3 Haw. App. at 451, 454-55, 652 P.2d at 644-46. We framed the issue as follows:

> While HRS § 806-28 clearly authorizes the non-allegation of the requisite state of mind in indictments brought under HRS § 134-9, we must decide whether such an indictment which takes advantage of HRS § 806-28's permissiveness nonetheless violates Kane's rights under article I, sections 10 and 14 of the Hawaii State Constitution (1978).

Id. at 455, 652 P.2d at 646. This court held that the indictment gave Kane sufficient notice of the offense charged and did not violate his constitutional rights. Id. at 455-58, 652 P.2d at 646-48. We concluded: "[T]he allegation in the indictment that Kane 'did carry on his person a pistol or revolver without a permit or license to carry a firearm' was sufficient to imply that Kane did so 'intentionally, knowingly, or recklessly.' . . .

---

[4/] We note that while the court stated that intent could be inferred because sexual intercourse under the circumstances alleged "could only be a wilful act," it is possible to conceive of situations, such as where two people are unaware they are related, where acts of incest could be committed innocently or unintentionally. Thus, it is more accurate to say that intent can inferred from the allegation that Torres engaged in incestuous sexual intercourse because incest is rarely committed innocently or unintentionally. Similarly, because driving while impaired by alcohol is rarely committed without a culpable mens rea, an intentional, knowing, or reckless state of mind can be inferred from the allegation that Tafuna operated or assumed physical control of a vehicle while impaired by alcohol.

[A]n explicit allegation of Kane's state of mind was not required in the indictment." Id. at 458, 652 P.2d at 648.

In State v. McDowell, 66 Haw. 650, 650-51, 672 P.2d 554, 555 (1983), the Hawai'i Supreme Court adopted this court's opinion in Kane in upholding the sufficiency of an indictment that charged McDowell with possession of a sawed-off rifle. The supreme court cited HRS § 806-28 in support of its decision and rejected the claim that a mens rea allegation in the indictment was constitutionally required. Id. at 651, 672 P.2d 554, 555.

Based on Torres, McDowell, and Kane, we reject Tafuna's claim that HRS § 806-28 is unconstitutional because it violates due process. Tafuna has failed to overcome the presumption that the statute is constitutional as applied to her case.

II.

We affirm the February 24, 2010, Judgment of the District Court.

DATED: Honolulu, Hawai'i, June 30, 2011.

On the briefs:

Earle A. Partington
(Law Office of Earle A. Partington)
for Defendant-Appellant

Anne K. Clarkin
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee

Girard D. Lau
Deputy Attorney General
for Amicus Curiae
the Attorney General,
State of Hawai'i

*Craig H. Nakamura*
Chief Judge

*[signature]*
Associate Judge

*[signature]*
Associate Judge